In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00429-CR
_____

THOMAS SCHWINTZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 12-04-03823-CR

**OPINION**

Thomas Schwintz appeals his felony conviction for driving while intoxicated. In two issues, he contends the trial court erred in denying his motion to suppress the evidence obtained through a traffic stop for an equipment violation, which he contends was not based on reasonable suspicion as Texas law requires only two stop lamps. We affirm the trial court's judgment.

An officer stopped Schwintz after observing that the 1994 GMC Sierra Schwintz was driving had two working rear stop lamps but lacked an operable

1

high-mounted stop lamp. The traffic stop resulted in an arrest for the offense at issue in this appeal. The historical facts are not in dispute and statutory construction is a question of law; accordingly, we review do novo the trial court's ruling on Schwintz's motion to suppress. *Mahaffey v. State*, 364 S.W.3d 908, 912 (Tex. Crim. App. 2012).

"The cardinal principle of statutory construction is to implement the will of the Legislature." *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013). "In construing statutory language, we always begin with the literal text, reading it in context and construing it according to the rules of grammar and common usage." *Id.* "We assume that every word was meant to serve a discrete purpose that should be given effect." *Id.* We must adhere to the plain language of a statute that is clear on its face unless implementation would lead to absurd consequences the Legislature could not possibly have intended. *Id.*

The parties argue for different constructions of the sections of the Texas Transportation Code that require the Department of Public Safety to adopt rules that establish the number of stop lamps required on vehicles less than 80 inches wide. *See* Tex. Transp. Code Ann. §§ 547.101, 547.323 (West 2011). A motor vehicle manufactured after 1960 "shall be equipped with at least two stoplamps." *Id.* § 547.323(a), (b). The standards adopted by the Department of Public Safety

2

must "duplicate a standard of the United States that applies to the same aspect of vehicle equipment performance as the department standard[.]" *Id.* § 547.101(c)(1). "The department may not adopt a vehicle equipment standard inconsistent with a standard provided by this chapter." *Id.* § 547.101(d). The Federal Motor Vehicle Safety Standards require an additional high-mounted stop lamp on motor vehicles under 80 inches. 49 C.F.R. § 571.108, S6.1.1, tbl. I-a (2013). The Legislature adopted the federal standards in 49 C.F.R. § 571.108 unless specifically prohibited by Chapter 547 of the Transportation Code. Tex. Transp. Code Ann. § 547.3215 (West 2011).

Schwintz argues section 547.101(d) means that the Department of Public Safety cannot adopt a standard for stop lamps that differs from the two rear-mounted stop lamps required by section 547.323. He argues this construction of the statute is supported by the motor vehicle inspection standards, which require inspection for two stop lamps without mentioning an additional center high-mounted stop lamp. *See* 37 Tex. Admin. Code § 23.41(b) (2013) (Tex. Dep't of Public Safety, Passenger (Non-Commercial) Vehicle Inspection Items). The issue in this case concerns the standards for vehicle safety, not the motor vehicle inspection standards. The Texas Administrative Code section establishing standards for vehicle safety expressly adopts the Federal Motor Vehicle Safety

3

Standards, including the standards for stop signal lamps and high-mounted stop lamps. *See* 37 Tex. Admin. Code § 21.2(a)(1)(N), (O) (2013) (Tex. Dep't of Public Safety, Standards for Vehicle Performance). The Department of Public Safety's standards for vehicle safety adopt the federal standard, as required by section 547.101(c)(1) of the Transportation Code. *See* Tex. Transp. Code Ann. § 547.101(c)(1); 37 Tex. Admin. Code § 21.2(a)(1)(N), (O).

Schwintz argues because section 547.101(d) prohibits the adoption of a "vehicle equipment standard inconsistent with a standard provided by this chapter[]" the Department of Public Safety could not require a third, high-mounted stop lamp. *See* Tex. Transp. Code Ann. § 547.101(d). As a result, he argues, Chapter 547 specifically prohibits adoption of the federal standard for stop lamps. *See id.* § 547.3215. Both the statutory requirement of "at least two stoplamps" and the statutory requirement that the Department duplicate the federal standards for vehicle equipment appear in Chapter 547. *See id.* §§ 547.101(c)(1), 547.323(a). Section 547.323 requires "at least two stoplamps" and requires that "[a] stoplamp shall be mounted on the rear of the vehicle" but the section does not prohibit a high-mounted stop lamp. *See id.* § 547.323(a), (c). The Austin Court has treated the center high-mounted stop lamp as an additional requirement that is separate from and in addition to the two rear-mounted stop lamps required by section

4

547.323(a).  *Garza v. State*, 261 S.W.3d 361, 368-69 (Tex. App.—Austin 2008, pet. ref'd).

It is a violation of the law to operate a motor vehicle that "is not equipped in a manner that complies with the vehicle equipment standards and requirements established by" Chapter 547 of the Transportation Code.  Tex. Transp. Code Ann. § 547.004(a)(2) (West 2011).  The Transportation Code requires that Schwintz's 1994 GMC Sierra vehicle be equipped with two working rear-mounted stop lamps and a center high-mounted stop lamp.  *See Garza*, 261 S.W.3d at 368-69; *see also* Tex. Transp. Code Ann. § 547.3215 (adopting federal vehicle equipment safety standards); 49 C.F.R. § 571.108.

The traffic stop is justified because the officer observed Schwintz operating a vehicle in violation of the Transportation Code.  We hold that the trial court did not abuse its discretion in denying Schwintz's motion to suppress. We overrule issues one and two and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 22, 2013
Opinion Delivered September 18, 2013
Publish
Before Gaultney, Kreger, and Horton, JJ.

5