

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-14-00101-CR

———————————————

**VICTORIA MORIN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2012-472569; Honorable Drue Farmer, Presiding

November 16, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Victoria Morin, was convicted by a jury of possession of marihuana, in an amount of two ounces or less (a Class B misdemeanor)[1] and assessed a fine of $1,250. On appeal, Appellant asserts the trial court erred by denying her motion to suppress evidence because (1) Appellant's detention for a traffic violation was premised on a chapter of the Texas Transportation Code that is unconstitutionally vague and (2)

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010).

Appellant's incriminating statements were the result of an unconstitutional interrogation. We affirm.

BACKGROUND

On December 6, 2012, an information was filed alleging that, on or about November 20, she intentionally or knowingly possessed a usable quantity of marihuana in an amount of two ounces or less. On May 20, 2013, Appellant filed a motion to suppress alleging she was arrested without probable cause, her statements were involuntary and coerced, she was deprived of counsel, and all evidence underlying her arrest was tainted by an illegal/unlawful detention.

HEARING ON MOTION TO SUPPRESS

At a hearing held August 22, 2013, Corporal Jason Johnson of the Lubbock County Sheriff's Office testified he stopped Appellant the night of the offense because her high-mounted center taillamp was not working. Johnson first made contact with Appellant on the driver's side while Corporal James Owens approached the passenger side. When Appellant rolled her window down, Johnson noticed an overwhelming odor of burnt marihuana coming from inside the vehicle. He asked Appellant for her driver's license and, after she handed it to him, asked her to step out of the vehicle. After she stepped out, he informed her of the traffic violation and showed her the inoperable high-mounted center taillamp. As she spoke to him, he noticed the smell of burnt marihuana on her breath.

After informing her of the traffic violation, he told her "[l]ets talk about the odor of marihuana coming from inside the vehicle." She pointed at the passenger and said he had been smoking marihuana. Johnson asked her if there was any more marihuana in

2

her vehicle and indicated he was going to conduct a search of the vehicle. She replied in the affirmative indicating there was more marihuana in her purse. Johnson then *Mirandized*[2] her, after which she indicated she understood her rights. He then asked her if there was anything she wanted to tell him and she replied "nothing other than the marihuana."[3] Corporal Owens asked the passenger to step out of the vehicle and retrieve a dog from the back seat. Corporal Johnson then called for another unit and when Sergeant William White arrived, he watched Appellant and her passenger.

Johnson then retrieved Ringo, his drug-detecting dog, from his patrol vehicle and ran Ringo around the vehicle. Ringo alerted to the driver's and passenger's side doors and to a black purse on the driver's side in the floorboard. Officer Eric Chadis arrived shortly and conducted a search of Appellant's vehicle. He discovered in Appellant's purse a green leafy substance weighing 15.1 grams that tested positive for marihuana. Appellant was placed under arrest and received a written warning for the defective high-mounted center taillamp.

At the hearing's conclusion, Appellant argued there was no reasonable suspicion or probable cause for the traffic stop because there was no traffic violation when Appellant was pulled over and detained. In her brief filed in support of her motion to suppress, Appellant asserted the traffic stop was not based on reasonable suspicion and, therefore, her statements regarding the contraband found in her vehicle were the product of an improper custodial interrogation. Her motion to suppress was subsequently denied.

---

[2] *See Miranda v. Arizona,* 384 U.S. 486, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] This exchange occurred on the video camera attached to Johnson's patrol vehicle. The video was offered and admitted as State's Exhibit No. 4.

Prior to *voir dire*, Appellant re-urged her motion to suppress generally asserting violations of her right to due process, freedom from unreasonable search and seizure and warrantless searches, and the grounds previously advanced in her original motion. During the State's case-in-chief, she re-urged that the traffic stop was not a valid stop based on the argument that having an inoperable high-mounted center taillamp was not a violation of the law in Texas. Corporal Johnson's testimony and the videotape of the traffic stop mirrored the evidence presented at the suppression hearing.

After the State rested, Appellant's sole witness testified that a high-mounted center taillamp was not required during a state vehicle inspection. There was no evidence presented concerning whether or when Appellant's vehicle was last inspected. After she rested her case-in-chief, Appellant re-urged her motion to suppress alleging: (1) there was not a noticeable smell of marihuana coming from her vehicle, (2) Corporal Johnson did not act in good faith when he initiated the traffic stop, (3) Appellant's statements were obtained as a result of a *Miranda* violation, and (4) Corporal Johnson violated her constitutional rights "as stated in her Motion to Suppress and supporting brief." The trial court denied her motion and the jury subsequently found her guilty of possession of marihuana in an amount of two ounces or less and assessed a fine of $1,250.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

In its *Findings of Fact and Conclusions of Law,* the trial court determined Corporal Johnson performed a lawful traffic stop pursuant to section 547.3215 of the Texas Transportation Code requiring a motor vehicle to be in compliance with current

4

federal standards stated in chapter 49 and section 571.108 of the Code of Federal Regulations.[4] He also determined that Texas law incorporates and does not conflict with federal law. Based on these determinations, the trial court found Corporal Johnson had a reasonable suspicion for performing the traffic stop.

Based upon the odor of marihuana coming from her vehicle and person, positive alerts by Ringo, Appellant's admissions that her passenger had been smoking marihuana, and she possessed one-half ounce of marihuana in her purse, the trial court determined Corporal Johnson had probable cause to search her vehicle. The trial court also determined Appellant was not in custody at the time of her admissions because (1) the traffic stop shifted to an investigatory detention when Corporal Johnson smelled marihuana coming from the vehicle and later on Appellant's person, (2) his questions regarding the source of the odor were part of his investigatory detention, and (3) although Appellant was not free to leave the scene, she was not yet the focus of an interrogation or under arrest. The trial court concluded Appellant's statements were voluntary and admissible, but even if they were not, probable cause to search Appellant's vehicle existed independently of Appellant's statements made prior to being *Mirandized*.

---

[4] The Texas Transportation Code requires that a motor vehicle be equipped with at least two rear-mounted taillamps which are "plainly visible at a distance of 1,000 feet from the rear of the vehicle." *See* TEX. TRANSP. CODE ANN. § 547.322(a), (c), (d) (West 2011). That same code also requires that a motor vehicle be equipped with at least two rear-mounted stoplamps which "emit a red or amber light, or a color between red and amber, that is . . . displayed when the vehicle service brake is applied." *Id.* § 547.323(a), (c), (d).

In addition to the general lighting requirements of §§ 547.322 and 547.323, a motor vehicle must comply with "the current federal standards in 49 C.F.R. § 571.108; or . . . the federal standards in that section in effect, if any, at the time the vehicle or motor vehicle was manufactured." *Id.* at 547.3215. *See Schwintz v. State,* 413 S.W.3d 192 (Tex. App.—Beaumont 2013, pet. ref'd) (provision of state transportation code governing number of taillamps on vehicles less than 80 inches wide permitted DPS to adopt federal standard requiring high-mounted center taillamp in addition to two stoplamps specified in code and no provision of the code prohibited adoption of the federal standard requiring high-mounted center taillamp).

An officer may make a warrantless traffic stop if the "reasonable suspicion" standard is satisfied. *Jaganathan v. State,* PD-1189-14, 2015 Tex. Crim. App. LEXIS 920, at *5 (Tex. Crim. App. Sept. 16, 2015); *Guerra v. State,* 432 S.W.3d 905, 911 (Tex. Crim. App. 2014). Reasonable suspicion exists if the officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013). The Texas Transportation Code provides that a person commits an offense if she operates a motor vehicle that is "not equipped in a manner that complies with the vehicle equipment standards and requirements established by [chapter 547 of the Texas Transportation Code]." TEX. TRANSP. CODE ANN. § 547.004(a)(2) (West 2011). Therefore, before an officer can have reasonable suspicion to believe that a vehicle equipment offense has occurred, the officer must be aware of facts that support a reasonable inference that the suspected person operated the vehicle without the mandated vehicle safety equipment. *Abney*, 394 S.W.3d at 549. The record in the present case establishes that Corporal Johnson did in fact observe Appellant operate her vehicle without an operational high-mounted center taillamp. Accordingly, reasonable suspicion to stop Appellant's vehicle existed.

On appeal, Appellant asserts the trial court erroneously denied her motion to suppress because chapter 547 of the Texas Transportation Code, taken as a whole, is unconstitutional and void for vagueness because it is unclear whether the operation of a motor vehicle without an operational high-mounted center taillamp is in fact a traffic offense. We conclude this assertion is waived because it does not comport with

6

Appellant's objection at trial. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (finding that "[a] point of error on appeal must comport with the objection made at trial").

In her written motion to suppress, at the hearing, and at trial, Appellant asserted (albeit incorrect in the assertion being made) the traffic stop in question was invalid and unlawful because having an inoperable high-mounted center taillamp was not a violation of the Texas Transportation Code. For the first time on appeal, she now asserts chapter 547 of the Texas Transportation Code, taken as a whole, is unconstitutional and void for vagueness. We find Appellant has failed to preserve error on this issue.

A complaint that could, in isolation, be read to express more than one legal argument, will generally not preserve all potentially relevant arguments on appeal. *Resendez v. State,* 306 S.W.3d 308, 313-15 (Tex. Crim. App. 2009) (a statutory argument alone is legally distinct from a constitutional argument). *See Swain v. State,* 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (arguments that are global in nature and contain little more than citations to constitutional and statutory provisions are not sufficiently specific to preserve a legal theory on appeal that was not advanced in the trial court). A review of the clerk's record and reporter transcripts leads us to conclude that Appellant's first point of error on appeal does not comport with the objections or arguments made at the suppression hearing, in Appellant's brief in support of her motion to suppress, or at trial. Neither was her appellate assertion addressed in the trial court's *Findings of Fact and Conclusions of Law. Resendez,* 306 S.W.3d at 313 ("when context shows that a party failed to effectively communicate his argument then the error will be deemed forfeited on appeal"). Because Appellant's "constitutionally vague"

7

complaint on appeal was not asserted below, the trial judge did not have an opportunity to rule on whether chapter 547 of the Texas Transportation Code, taken as a whole, was unconstitutional and void for vagueness. *See Lovill v. State,* 319 S.W.3d 687, 691 (Tex. Crim. App. 2009) ("specificity requirement met if complaint at trial was clear enough for the trial judge to understand what the complaining party wanted, why they were entitled to it, and take corrective action"). Thus, Appellant's first point of error is not preserved for our review and is overruled.

SECOND POINT OF ERROR—CUSTODIAL INTERROGATION

Appellant next asserts that admissions made outside her vehicle to the effect that her passenger had been smoking marihuana and there was more marihuana in her purse were inadmissible because they were the result of a custodial interrogation made prior to being *Mirandized*. Appellant asserts Corporal Johnson's statement to her, prior to any *Miranda* warning, concerning his intent to search her vehicle was, in fact, calculated to illicit an incriminating response. In response, the State contends Appellant's statements were not the result of a custodial interrogation but rather resulted from an investigatory detention—an argument supported by the trial court's findings of fact and conclusions of law. Alternatively, the State argues that if Appellant's statements were admitted in error, the error was harmless under a constitutional harm analysis. *See* TEX. R. APP. P. 44.2(a).

In its *Findings of Fact and Conclusions of Law,* the trial court found the statements in question were "not the product of a custodial interrogation" because Appellant was the subject of a lawful traffic stop that had merely shifted to an investigatory detention based on the officer's smelling what he believed to be

8

marihuana.  The trial court found that Appellant was not the focus of the officer's inquiry at the time the non-*Mirandized* statements were made and that those statements were voluntary.  Notwithstanding the almost total deference we would give to the trial judge's conclusions, *Guzman v. State,* 955 S.W.2d 85, 87-89 (Tex. Crim. App. 1997), even assuming the statements in question were made in response to a custodial interrogation, the videotape admitted into evidence shows Appellant admitted to the presence of marihuana in her vehicle after she was *Mirandized* and prior to the vehicle being searched.  Based on this record, we find the non-*Mirandized* statements were cumulative of other evidence properly admitted and the error, if any, in the admission of those statements did not contribute to Appellant's conviction or punishment beyond a reasonable doubt.  *See* Tex. R. App. P. 44.2(a).  *See also Clay v. State,* 240 S.W.3d 895, 904 (Tex. Crim. App. 2007).  Accordingly, any error was harmless and Appellant's second point of error is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

9