COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

EFREN SAENZ,                                                                    No. 08-17-00014-CR

§

           Appellant,                                          Appeal from

§

v.                                                                                              384th District Court

§

THE STATE OF TEXAS,                                                 of El Paso County, Texas

§

           Appellee.                                          (TC # 20160D03471)

§

## O P I N I O N

Appellant pleaded guilty to a charge of driving while intoxicated, and pleaded true to multiple enhancement paragraphs regarding his prior convictions for driving while intoxicated. The trial court found Appellant guilty, and sentenced him to twelve years' confinement. On appeal, he challenges the trial court's denial of his motion to suppress evidence on the basis that it was obtained without probable cause or reasonable suspicion, without a valid warrant, and without valid consent in violation of the 4th and 14th Amendments to the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. Finding no error, we affirm the trial court's judgment.

## BACKGROUND

*The Traffic Stop*

While on patrol at approximately 2:00 a.m. on July 24, 2016 near police headquarters,

El Paso Police Officer Ricardo Robles observed Appellant operating a vehicle which slowed to an almost complete stop at a green light and was equipped with a non-functioning right-side stoplamp. Officer Robles performed a traffic stop, and observed the driver of the vehicle, Appellant, to have slurred speech, bloodshot eyes, and a strong odor of an unknown alcoholic beverage. Appellant informed Officer Robles that he had consumed four beers, was traveling home from a family party, and had no identification or insurance.

DWI Task Force Officer Steven Alvarez, who was fueling his patrol vehicle nearby, saw the traffic stop and offered to assist Officer Robles. Officer Robles and his partner Officer Solrzano performed a background check while Officer Alvarez administered standardized field sobriety tests to Appellant. Officer Alvarez concluded that Appellant was intoxicated, and arrested him for driving while intoxicated. Multiple open warrants for Appellant were confirmed after his arrest.

*The Suppression Hearing*

Appellant sought to suppress all evidence on the basis that the initial traffic stop was illegal. During the suppression hearing, Appellant argued that the Texas Transportation Code requires only two stoplamps, and reading from the statute addressing stoplamps, acknowledged that the code defines a stoplamp as emitting "a red light that's visible . . . when the vehicle is braking." Although Appellant also acknowledged that Texas has adopted the federal standards for stoplamps, he argued that because the left-side and the high-mounted stoplamps on the vehicle were functioning, the vehicle was code-compliant, and the traffic stop was improper. Appellant also argued that the outstanding warrants did not serve to attenuate the illegal traffic stop.

The State countered that the initial stop was proper because the Texas Transportation Code,

2

through Section 547.3215, has adopted the federal safety standards embodied in 49 C.F.R. Section 571.108, which require a third high-mounted stoplamp. The State further noted that under Section 547.004 of the Texas Transportation Code, a person commits a misdemeanor offense if the person operates or moves a vehicle that is not equipped in a manner that complies with the vehicle standards and requirements set forth in that chapter, and relying on a case with similar facts as the one before the trial court, argued that Officer Robles had probable cause to conduct the traffic stop because it is a misdemeanor offense to have a non-functioning stoplamp. The trial court denied Appellant's motion to suppress.

## DISCUSSION

In his sole issue on appeal, Appellant contends the trial court erroneously denied his motion to suppress because federal regulations only require that a vehicle be "equipped" with three stoplamps, and because two of the three stoplamps on Appellant's vehicle were functioning, he argues his stop was unconstitutional. Because the stop was allegedly unconstitutional, Appellant argues the stop tainted evidence showing he was driving while intoxicated and the use of such evidence prohibited its use.

### *Standard of Review*

We review a trial court's ruling refusing to suppress evidence for an abuse of discretion. *Crain v. State,* 315 S.W.3d 43, 48 (Tex.Crim.App. 2010); *Ramos v. State,* 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008). In reviewing the trial court's decision, we review the evidence in the light most favorable to the trial court's ruling. *State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). We afford almost total deference to a trial court's determination of historical facts but we review pure questions of law *de novo*. *Alford v. State,* 358 S.W.3d 647,

3

652 (Tex.Crim.App. 2012); *see Montanez v. State,* 195 S.W.3d 101, 109 (Tex.Crim.App. 2006). Likewise, we give almost total deference to a trial court's resolution of mixed questions of law and fact if those questions turn on the credibility and demeanor of witnesses. *Alford,* 358 S.W.3d at 652. However, if credibility and demeanor are not necessary to the resolution of a mixed question of law and fact, we review the question *de novo.* *Alford,* 358 S.W.3d at 652; *Young v. State,* 283 S.W.3d 854, 873 (Tex.Crim.App. 2009). This same deferential standard of review applies to a trial court's determination of historical facts, demeanor, and credibility even when that determination is based on a video recording. *State v. Duran,* 396 S.W.3d 563, 570 (Tex.Crim.App. 2013). Where, as here, the trial court does not make explicit findings of fact, we "review the evidence in a light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App. 2000). Regardless of whether the motion to suppress was granted or denied, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. García-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). An appellate court may uphold the trial court's ruling if it is supported by the record and is correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos,* 245 S.W.3d at 418.

*Analysis*

A police officer may lawfully conduct a temporary detention when he has reasonable suspicion that an individual is involved in criminal activity. *Delafuente v. State*, 414 S.W.3d 173,

4

177 (Tex.Crim.App. 2013), *citing Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Reasonable suspicion requires more than a hunch, and exists only when an officer has specific, articulable facts that, taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be, engaging in criminal activity. *Delafuente*, 414 S.W.3d at 177, *citing Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). The reasonable-suspicion determination is objective and is made by considering the totality of the circumstances. *Delafuente*, 414 S.W.3d at 177, *citing Ford*, 158 S.W.3d at 492-93.

A person commits a misdemeanor offense if the person operates a vehicle that is not equipped in a manner that complies with the vehicle equipment standards and requirements established by Chapter 547 of the Texas Transportation Code. TEX.TRANSP.CODE ANN. § 547.004(a)(2)(West 2011). Section 547.323(a) of the Code requires two stoplamps, and Section 547.323(d), requires that the stoplamps emit a red or amber light or a color between red and amber, that is displayed when the service brake is applied. TEX.TRANSP.CODE ANN. §§ 547.323(a)("[A] motor vehicle . . . shall be equipped with at least two stoplamps."), 547.323(d)(2)("A stoplamp shall emit a red or amber light, or a color between red and amber, that is . . . displayed when the vehicle service brake is applied."). Section 547.3215(1) of the Transportation Code specifies that lighting, reflective devices and associated equipment on a vehicle or a motor vehicle must comply with the current Federal Motor Safety Standards ("federal standards") set forth at 49 C.F.R. Section 571.108. *See* Federal Motor Safety Standards, Standard 108; Lamps, reflective devices, and associated equipment, 49 C.F.R. § 571.108, S4 (2016); TEX.TRANSP.CODE ANN. § 547.3215(1).

The specified purpose of Standard No. 108 (Lamps, reflective devices, and associated

5

equipment) is to reduce traffic accidents, deaths, and injuries resulting from traffic accidents, in part by enhancing the conspicuity of motor vehicles on public roads. 49 C.F.R. § 571.108 S2. The federal standards define stoplamps as "lamps giving a steady light to the rear of a vehicle to indicate a vehicle is stopping or diminishing speed by braking." 49 C.F.R. § 571.108, S4. The federal standards require that all passenger cars and multipurpose passenger vehicles be equipped with two stoplamps mounted "[o]n the rear, at the same height, symmetrically about the vertical centerline, as far apart as practicable." 49 C.F.R. § 571.108 S6.1, S7.3.1, Table I-a. For those vehicles that are also less than "2032 MM" in overall width having a gross vehicle weight rating of 10,000 pounds or less, the vehicle is required to be equipped with a third lamp in the form of a high-mounted stoplamp mounted "[o]n the rear including glazing, with the lamp center on the vertical centerline as viewed from the rear." 49 C.F.R. § 571.3(b), § 571.108 S6.1, S7.3.1, Table I-a. The federal standards require that these stoplamps "[m]ust be activated upon application of the service brakes." 49 C.F.R. § 571.108 S6.1, S7.3.5, Table I-a.

The State presented undisputed evidence that the vehicle Appellant was driving is 72 inches in width and weighed 4,084 pounds. We judicially notice that 72 inches is equivalent to 1828.8 millimeters. *See* TEX.R.EVID. 201(b)(1); *Davenport v. State*, 807 S.W.2d 635, 638 (Tex.App.--Houston [14th Dist.] 1991, no pet.)(basic units of measurement are the type of facts "generally known within the territorial jurisdiction of the trial court"). Therefore, because the vehicle Appellant was driving measured less than "2032 MM" in width and weighed less than 10,000 pounds, it was required to have two stoplamps and a high-mounted stoplamp that must activate when braking.

The evidence shows that although the left and high-mounted stoplamps were activated

when Appellant applied the brakes to his vehicle, the right stoplamp did not activate as required. Consequently, Officer Robles' initial traffic stop on the basis that Appellant was driving a vehicle with a non-activated stoplamp was proper. Having viewed the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in denying Appellant's motion to suppress evidence. *See also Schwintz v. State*, 413 S.W.3d 192, 194 (Tex.App.--Beaumont 2013, pet. ref'd); *Starrin v. State*, 2-04-360-CR, 2005 WL 3343875, at *1 (Tex.App.--Fort Worth Dec. 8, 2005, no pet.)(mem. op.)(not designated for publication). Because the traffic stop was proper, we need not address Appellant's assertion that the taint from an improper stop triggered the Fourth Amendment's exclusionary rule. Appellant's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


October 17, 2018
                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Publish)

7